IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MOISES ZAMORA,<br><br>Defendant. | CR 23-20-BLG-SPW<br><br>ORDER |

Before the Court is Defendant Moises Zamora's Motion in Limine. (Doc. 43). He asks the Court to exclude three categories of evidence. The Court will address each in turn.

First, Zamora asks the Court to exclude any evidence related to the other charges listed in his motion, the alleged offense conduct in his other federal matter, and all alleged ties to gangs, violence, or firearms pursuant to Federal Rules of Evidence 402, 403, and 404. (Doc. 43 at 2–3; Doc. 44 at 2–11). The Government does not oppose the motions. (Doc. 48 at 1). However, it reserves the option to inquire into the matters if Zamora "opens the door" to such testimony. (*Id.* at 1–2). Zamora did not file a reply. The Court grants the motion, while reserving for the Government the right to inquire into the matters if Zamora opens the door to such testimony.

1

Second, Zamora asks the Court to exclude evidence of law enforcement referring to the vehicle at issue in this case as a "load car." (Doc. 43 at 3). The Government does not oppose the motion. (Doc. 48 at 2). The Court grants the motion.

Third, Zamora asks the Court to exclude evidence that he was "sought for arrest, or actually arrested, by the Montana Violent Offender's Task Force." (Doc. 43 at 3). The Government does not oppose the motion. (Doc. 48 at 2). The Court grants the motion.

Last, Zamora asks the Court to exclude evidence regarding the nature of Zamora's arrest warrant that was pending at the time of his arrest in this case. (Doc. 43 at 3). The Government does not oppose the motion.[1] (Doc. 48 at 2). The Court grants the motion.

IT IS HEREBY ORDERED that Defendant Moises Zamora's Motion in Limine (Doc. 43) is GRANTED.

DATED this 21st day of May, 2024.

SUSAN P. WATTERS
United States District Judge

---

[1] The Government notes that it intends to elicit testimony that Zamora had an arrest warrant at the time, as the existence of the warrant "is inextricably intertwined to the offense at hand." (Doc. 43 at 2). Zamora acknowledges in his opening brief that such evidence is admissible. (Doc. 44 at 3).

2